Adam I. Miller (SBN 269990)
Darrel C. Menthe (SBN 186252)
**MILLER MILLER MENTHE**
17701 Cowan, Suite 150
Irvine, CA 92614
(714) 450-3800 Phone
(714) 450-3801 Facsimile
Email: dmenthe@millermenthelaw.com

Attorneys for Defendants and Cross-Complainants
SEYED H. SHAHROKNI, M.D., INC,
SEYED H. SHAHROKNI, UNIVERSITY DIAGNOSTICS, INC,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SIEMENS FINANCIAL SERVICES, INC.

Plaintiff,

-vs-

SEYED H. SHAHROKNI, M.D., INC, SEYED H. SHAHROKNI, UNIVERSITY DIAGNOSTICS, INC, and DIAGNOSTICS IMAGING PARTNERS, INC.

Defendants.

SEYED H. SHAHROKNI, M.D., INC, SEYED H. SHAHROKNI, UNIVERSITY DIAGNOSTICS, INC,

Cross-Complainants,

-vs-

SIEMENS FINANCIAL SERVICES, INC,; SIEMENS MEDICAL SOLUTIONS, USA, INC., and ROES 1 to 20, inclusive,

Cross-Defendants.

CASE NO.: SACV12-00387 AG (ANx)

**OPPOSITION TO MOTION BY SIEMENS MEDICAL SOLUTIONS USA, INC. TO STRIKE FIRST AMENDED CROSS-COMPLAINT**

**Date: August 20, 2012**
**Time: 10:00 a.m.**
**Ctrm: 10D**

Complaint filed: March 13, 2012

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Cross-Defendant Siemens Medical Solutions, USA, Inc.. ("Siemens Medical"), seeks to strike the demand for jury by Cross-Claimants Seyed H. Shahrokni, M.D., Inc, Seyed H. Shahrokni, University Diagnostics, Inc., and Diagnostics Imaging Partners, Inc. (collectively "University Diagnostics"). There can be no question that under *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 967, 32 Cal.Rptr. 3d 5 (2005) the pre-dispute waiver of jury trial at issue here is unenforceable down the street at the Stanley Mosk Courthouse. California holds that the right to a jury trial in a civil cause in a Constitutional right incapable of pre-dispute waiver. There appears to be no Ninth Circuit authority on point, but the better argument appears to rest, under the familiar principles of *Erie v. Tompkins*, with applying the California rule barring non-procedural jury waivers. Accordingly, University Diagnostics respectfully requests that this Court deny the motion to strike.

## II. ARGUMENT

### A. California Law Forbids Enforcement of Pre-dispute Jury Waivers

The California Supreme Court has held that under the California Constitution, the only methods for waiving a jury in a civil matter are those prescribed by statute, all of which require action in connection with ongoing litigation. *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 967, 32 Cal.Rptr. 3d 5 (2005). A jury waiver must generally be in open court, by written consent filed with the clerk or judge, or by procedural default such as failure to post jury fees. *Id.*, citing Cal. Civ. Proc. § 631(d).

As the Supreme Court explained in *Grafton Partners*, the circumstances in which jury trial waivers are permitted are always voluntary waivers after litigation commences, not before:

> Similarly, the circumstance that five of the six subsections of section 631, subdivision (d) refer to an act or omission that, as a *temporal* matter, must occur *entirely*

> during the period following the commencement of litigation strongly suggests that the waiver described in subsection (2) also refers to an act that is undertaken entirely during the period after the lawsuit was filed. Specifically, a failure to appear, to demand jury trial, or to pay necessary fees—or an oral consent in open court—must occur in its entirety after the litigation has commenced. If the Legislature had intended a different temporal reach for section 631, subdivision (d)(2), we believe it would have explicitly stated so—as it did in connection with arbitration and reference agreements.

*Id*. at 959 (emphasis in original).

Therefore, in a detailed opinion, the California Supreme Court held that pre-dispute jury waivers in contracts may not be enforced to deprive a party of a right to jury trial. "Resolving any ambiguity in favor of preserving the right to jury trial, as we must, we conclude section 631 does not authorize pre-dispute waiver of that right." *Id*. at 961.

In reaching this conclusion, the California Supreme Court was mindful that other jurisdictions have policies favoring enforcement of contracts including pre-dispute jury waivers, but explicitly rejected these. *See Grafton Partners*, 36 Cal.4th at 964-967. In particular, the California Supreme Court rejected the idea that the principle of freedom of contract required enforcement of such agreements in California. *Id*. at 965-66.

**B. Under the *Erie* Doctrine, the California Rule Against Pre-dispute Jury Waivers Applies in Federal Court Sitting in Diversity**

**1. Not Quite a Case of First Impression**

The application of the *Grafton Partners* rule to bar pre-dispute jury waivers in federal courts sitting in diversity in California is almost a case of first impression.

One federal Court that has addressed the issue, however, and found the rule applicable in an unpublished opinion. *See Financial Tech. Partners L.P. v. FNX Limited*, 2009 WL 464762, Case No. C-07-01298 JSW (February 24, 2009 N.D. Cal. 2009). In *Financial Tech*., Judge White reasoned that upholding the right to a jury trial under the California Constitution was not in conflict with federal Seventh Amendment principles. There appears to be no Ninth Circuit authority on point.

Siemens Medical barely addresses the applicability California rule as to the unenforceability of pre-dispute contractual jury waivers, although *Grafton Partners* was part of the discussion during the conference of counsel. Rather, Siemens Medical cites to a few district court decisions concerning federal law on jury waivers, none of which addresses the applicability of *Grafton Partners* to pre-dispute jury waivers. The one case Siemens Medical cites from this district, *Okura & Co. (America) Inc. v. Careau Group*, 783 F.Supp. 482 (C.D. Cal. 1991), is too old to address the California rule at issue.

A second California federal court recently addressed the issue of pre-dispute jury waivers in federal court in an unpublished opinion *Century 21 Real Estate LLC v. All Professional Realty, Inc.*, Case No. 10-2751 WBS (July 6, 2012) (E.D. Cal. 2012). Judge Shubb did not so much disagree with *Financial Tech.*, however, as distinguished it on the basis of the choice-of-law provision in the contract. The *Century 21* Court, however, likely overreached on trying to distinguish *Financial Tech*. The *Financial Tech.* court certainly noted that California law was chosen by the parties, but did not rely on the choice-of-law clause in making the *Erie* ruling. Indeed, as Judge Shubb noted, the *Financial Tech*. court did not consider whether choice-of-law clauses should apply to jury waivers in state court.

**2. California Courts Would Likely Not Apply Foreign Law to the Jury Waiver Issue To Circumvent the Right to Jury Trial**

While no specific authority compels this Court to follow *Grafton Partners*, University Diagnostics urges that it follow the reasoning of Judge White in *Financial*

*Tech*. rather than *Century 21*. The key issue is that there is no reason to conclude that California courts would allow the choice of law in a contract to govern the viability of a jury waiver clause, even where California courts would apply foreign law to other substantive issues between the parties. Judge Shubb noted in *Century 21* that there is a circuit split on the issue and that the Ninth Circuit has not spoken.

California Courts, however, have spoken at least to some extent on the issue. In denying a writ petition on a motion to strike a jury trial in a case involving breach of fiduciary duty, the Court of Appeal in *Interactive Multimedia Artists, Inc., v. Sup. Ct*.., 62 Cal.App.4th 1546, 1551-55 (1998) noted that the issue of whether the parties were entitled to a jury is not obviously determined by the parties' choice of law. It noted the argument under Restatement (2nd) Conflict of Laws, section 22, that "A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."

The primary reason to believe that the California Supreme Court would not apply foreign law to create a pre-dispute contractual jury waiver is the role played by sovereign state policy in choice-of-law issues. The bar on pre-dispute jury waivers is one of California's strong public policy in favor of jury trials and opposed to waivers of the Constitutional right to a jury trial. For example, applying a similar rationale, in *Samaniego v. Empire Today LLC*, 205 Cal.App.4th 1138, 1149 (2012), the Court of Appeal held that California law on unconscionability applied to arbitration contract even though it contained an Illinois choice-of-law clause.

Moreover, Justice Chin's concurrence to Grafton Partners noted that California was almost alone in making its ruling on the nonenforceability of pre-dispute waivers (*Grafton Partners*, 36 Cal.4th at 493 (J. Chin, Concurrence)). Did the Court intend to allow easy circumvention of the rule against pre-dispute jury waivers by the expediency of inserting a choice of law clause? Simply put, allowing a choice-of-law provision to function as a *de facto* pre-dispute jury waiver would eviscerate the

purpose of outlawing such waivers.

**3. Under *Erie v. Tompkins*, the California Rule Should Apply in Federal Court**

Beginning with *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts have elaborated the so-called "*Erie* Doctrine" that federal courts sitting in diversity should follow state substantive law. While usually stated as a rule adopting federal procedures but state substantive law, labels are not dispositive. As explained in *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431, 1442 (2010), "*Erie* involved the constitutional power of federal courts to supplant state law with judge-made rules. In that context, it made no difference whether the rule was technically one of substance or procedure; the touchstone was whether it "significantly affect[s] the result of a litigation."

The treatment of California's anti-SLAPP statute (Section 425.16 of the California Code of Civil Procedure, known as a "Special Motion to Strike") provides a good analogy for how the *Erie* Doctrine should work concerning the California right to jury trial in civil cases. A motion to strike in the "Code of "Civil Procedure" would appear on its face to be a quintessential procedural concern, but the Ninth Circuit held in that California's anti-SLAPP statute applies in federal court. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc*., 190 F.3d 963 (9th Cir. 1999). The analysis undertaken by the Ninth Circuit in *Newsham* is particularly instructive here. The *Newsham* Court began by asking whether there would be a "direct collision" with the Federal Rules in adopting some or all of California's anti-SLAPP procedure. The Court found there was not a "direct collision," stating that there was "no indication that Rules 8, 12, and 56 of the Federal Rules of Civil Procedure were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims." *Id*. at 972.

Applying that same type of analysis to the issue of pre-dispute jury waivers results in a similar conclusion. Here, too, there is no direct collision between the

federal principles of right to a jury trial and California's rule invalidating pre-dispute jury waivers. The cases permitting pre-dispute jury waivers cited by Siemens articulate a judge-made doctrine that such waivers can be enforced if truly knowing and voluntary. There is no Federal statute or Federal Rule *requiring* courts to enforce of pre-dispute jury waivers in contracts, and no such rule or statute is cited by any of these cases. *See, e.g., Palmer v. Valdez,* 560 F.3d 965, 968 (9th Cir. 2009) citing *United States v. Moore*, 340 U.S. 616 (1951). There is no federal policy in favor of pre-dispute jury waivers articulated by Congress. As the Court in *Financial Tech*., *supra*, stated, upholding the right to a jury trial under the California Constitution is not in direct conflict with federal Seventh Amendment principles because the right to a jury was important in both jurisdictions.

Without such a direct collision, the Court makes the "typical, relatively *unguided* Erie choice." *Id*. at 973. In such a choice, the Court is asked to balance state and federal interests in deciding whether to apply the state rule in federal court. *Newsham, supra, citing Byrd v. Blue Ridge Rural Elec. Coop., Inc*., 356 U.S. 525, 537-40 (1958). In deciding that the anti-SLAPP statute was available under *Erie* in federal court, the Ninth Circuit's concluded that no federal interest that would be undermined by the application of the state rule, while finding in contrast that "California has articulated the important substantive state interests furthered [by its rule]." *Newsham, supra*, at 973.

This approach similarly favors adopting the *Grafton Partners* rule on the right to the jury trial here. No federal interest in denying jury trials or enforcing jury waiver provisions (outside of the non-arbitration context) exists that would be undermined by applying the California rule in federal court. On the other hand, the California Supreme Court in *Grafton Partners* explained that the California Constitution does not contain "a neutral policy with respect to the issue of waiver of jury trial in a judicial proceeding," *Grafton Partners*, 36 Cal.4th at 956. Rather, the Supreme Court held that "Our decision in the *Exline* case was based in part upon our

understanding that the Framers of the Constitution intended to restrict to the Legislature the power and obligation to establish rules for jury waivers, because 'the right of trial by jury is too sacred in its character to be frittered away or committed to the uncontrolled caprice of every judge or magistrate in the state.'" *Id*, quoting *Exline v. Smith*, 5 Cal. 112, 113 (1855). The Supreme Court further held that "[T]he right to trial by jury is considered so fundamental that ambiguity in the statute permitting such waivers must be resolved in favor of according to litigant a jury trial." *Grafton Partners*, *supra*, at 956.

**4. The Purposes of the *Erie* Doctrine Are Served by Applying California's Rule Against Pre-dispute Jury Waivers in Federal Court**

The *Newsham* Court also endorsed applying the California anti-SLAPP statute in federal court because it would serve "the twin purposes of the *Erie* rule- 'discouragement of forum-shopping and avoidance of inequitable administration of the law.'" *Newsham*, 190 F.3d at 973, quoting *Hanna v. Plumer*, 380 U.S.460, 468 (1965). Those twin purposes of the *Erie* doctrine are also furthered by applying the California rule against pre-dispute jury waivers here.

As observed in the introduction, the pre-dispute waiver is not valid in the local courts; it ill-serves the *Erie* principles to reward forum-shopping by plaintiffs who sue California defendants in federal courts. The right to jury should be the same in California regardless of the forum, whether state or federal.

**III. CONCLUSION**

For all the foregoing reasons, the motion to strike should be denied.

Respectfully submitted,

Dated: July 30, 2012

MILLER MILLER MENTHE

BY: ______________________________

Darrel C. Menthe
*Attorneys for Defendants and Cross-Complainants*