UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | | Date | August 31, 2012 |
|---|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING SIEMEN MEDICAL'S MOTION TO DISMISS AND MOTION TO STRIKE**

Plaintiff Siemens Financial Services, Inc. ("Plaintiff' or "Siemens Financial") filed a complaint ("Complaint") against Defendants Seyed H. Shahrokni, M.D., Inc. ("SHS"), Seyed H. Shahrokni ("Shahrokni"), University Diagnostics, Inc. ("University") and Diagnostics Imaging Partners, Inc. ("Diagnostics") for breach of equipment leases, replevin, and breach of guaranty.  Plaintiff sought claim and delivery of medical equipment, and damages of over $ 2 million dollars.

SHS, Shahrokni, and University ("Cross-Complainants") filed what they called a Cross-Complaint ("Cross-Complaint"), which they later amended ("First Amended Cross-Complaint" or "FACC").  The Cross-Defendants are Siemens Financial and Siemens Medical Solutions, USA, Inc. ("Siemens Medical").  Because the Court previously dismissed Siemens Financial from the FACC, only Siemens Medical remains as a Cross-Defendant.

Siemens Medical now seeks to dismiss the FACC, and to strike the jury claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

The Court GRANTS the Motion to Dismiss the FACC ("Motion to Dismiss").  The Court GRANTS the Motion to Strike ("Motion to Strike").

## 1.    BACKGROUND

The following fact come from the FACC, and as it must for purposes of this Motion, the Court assumes them to be true.

This case concerns a PET/CT Scanner ("Equipment") that Siemens Financial leased to SHS under a lease agreement ("Lease Agreement").  Siemens Medical was responsible for servicing the Equipment under a Service Agreement ("Service Agreement") with SHS.  (FACC ¶¶ 19, 30, 39.)

The FACC largely centers around the Service Agreement, which is attached as an exhibit. Under the Service Agreement, Siemens Medical agreed to provide SHS with "remedial maintenance service" on the Equipment "when requested" for the five-year period from February 19, 2011 to February 18, 2016.  (Service Agreement, at 2, 5.)

As part of the Service Agreement, Siemens Medical guaranteed that the Equipment would have an annual rate of 97% Uptime Performance, calculated over the principal coverage period of 8 am to 6 pm.  (Service Agreement, at 2, 4, 7.)  "Uptime Performance" was defined as "the capability of the Equipment to be utilized to treat or diagnose patients." (Service Agreement, at 2, 4, 7.)  Downtime would not begin until Siemens Medical was notified that the Equipment was not operational.  (Service Agreement, at 7.)

The Service Agreement included a sole remedy provision ("Sole Remedy Provision") that stated:

> If the Equipment's Uptime Performance level is found to be less than the
> guaranteed percentage, as computed in accordance with the above

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

> guidelines, Siemens will extend the term of this Agreement by seven (7)
> calendar day . . . for every percentage point (rounded to the nearest percent)
> below the guaranteed percentage.  These days will be added at the end of
> the term of this Agreement.  For example, if the guaranteed percentage is
> 97%, then 96% Uptime Performance would result in an extension of seven
> (7) calendar days and 95% Uptime Performance would result in an
> extension of fourteen (14) calendar days.  The foregoing states Siemens'
> entire obligation and liability, and the Customer's sole remedy, for
> Siemens' failure to meet the Uptime Performance Guarantee.

(Service Agreement, at 7, § 22).  The Service Agreement states that it shall be governed
by the laws of the Commonwealth of Pennsylvania.  (Service Agreement, at 6.)

On March 13, 2012, Plaintiff Siemens Financial filed its Complaint, alleging that SHS
breached the Lease Agreement by failing to make the required monthly lease payments.
(Compl. ¶¶ 10-11, 54-57.)

On April 23, 2012, per stipulation of the parties, this Court entered an Order authorizing
Siemens Financial to repossess the Equipment from SHS.  (April 23, 2012 Order,
Dkt. No. 19.)  The Order also authorized Siemens Financial to sell or otherwise dispose of
the Equipment and to apply the proceeds of the sale to the amount that SHS owed.

On May 24, 2012, Cross-Complainants filed their FACC against both Siemens Medical
and Siemens Financial.  Cross-Complainants allege that the Equipment was defective
because the table "frequently could not be moved or lowered in order to accommodate
patients."  (FACC ¶ 15.)  This defect rendered the Equipment unusable because of the
risk that patients would fall off of the machine.  (FACC ¶ 16.)  The result was that the
"PET-CT was out of operation ("Downtime") for extended periods of time in violation of
the UPTIME Guarantee."  (FACC ¶ 31.)  Cross-Complainants further allege that the
Equipment was "down" and could not be used unless and until a quality control
diagnostic could be successfully performed.  (FACC ¶ 40.)  Finally, Cross-Complainants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | | Date | August 31, 2012 |
|---|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | | |

allege that "the PET-CT failed to meet the terms of the express UPTIME warranty significant downtime [*sic*] related to the defects in the PET-CT resulted, even after numerous and repeated service calls."  (FACC ¶ 41).


**2.    LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations' are not required."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")).  The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1204 (9th Cir. 2011).  The *Starr* court held that allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

require the opposing party to be subjected to the expense of discovery and continued litigation." *Id* at 1216*; see also Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790-91 (9th Cir. 2011) ("Complaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims" and "support a theory that is not facially implausible[.]").


If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). A claim may be dismissed with prejudice if "amendment would be futile." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (citing *Albrecht v. Lund*, 845 F.2d 193, 197 (9th Cir. 1988)).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," while "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 894 F.2d 1524, 1527 (9th Cir. 1993), *reversed on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

3.    <u>ANALYSIS</u>

The FACC states two claims against Siemens Medical: breach of contact and breach of express warranty. Siemens Medical raises three attacks. First, Siemens Medical argues that any relief under the FACC is precluded by the Sole Remedy Provision. Second, it argues that the FACC should be dismissed because it is insufficiently pled. Third, it argues that the claims of the three non-SHS Cross-Complainants should be dismissed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | | Date | August 31, 2012 |
|---|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | | |

because they were not parties to the Service Agreement.

As discussed in this analysis, the Court ultimately finds that while the Sole Remedy Provision is valid, it cannot now determine whether it bars the requested relief. This determination requires an analysis of the facts, and is thus properly raised at the summary judgment stage.

But the Court does agree that the FACC fails to sufficiently allege the facts giving rise to the Breach of Contract and the Breach of Warranty. The Court GRANTS the Motion to Dismiss on that basis.

3.1     Sole Remedy Provision

Siemens Medical argues that the Sole Remedy Provision precludes the relief requested in the FACC, because SHS' sole remedy is additional weeks of service. Siemens Medical argues that this remedy is no longer available because SHS stipulated to the return of the Equipment. Thus, Siemens Medical concludes that the FACC should be dismissed.

Cross-Complainants do not address whether the issue of available remedies is properly raised at the motion to dismiss stage. Rather, Cross-Complainants argue that the Sole Remedy Provision is inapplicable because it does not mention breach of contract or waiver of damages. "The provision appears to be rather a 'safe harbor' for Siemens Medical to *preclude* a finding of breach of contract if Siemens offer certain free contract time . . . calculated to be the equivalent of missing uptime." (Opp. 6:4-8.)

Cross-Complainants' argument fails. The Sole Remedy Provision unambiguously states that additional performance time is the "Customer's sole remedy[] for Siemens' failure to meet the Uptime Performance Guarantee." Thus, the provision does not merely protect Siemens Medical by offering it a way to cure any breach. It *also* prevents the Cross-Complainant from seeking alternative remedies for a breach of the Uptime Performance Guarantee. Such "sole remedy" provisions are enforceable under the Pennsylvania

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

Commercial Code.  13 Pa. C.S.A. § 2719(2) ("Resort to a remedy as provided [in the parties' agreement] is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.").

Alternatively, Cross-Complainants argue that it would be unreasonable to enforce the Sole Remedy Provision because specific performance is impossible through no fault of their own.  Where specific performance is not possible through no fault of the party seeking relief, damages may be awarded instead.  *See, e.g., Barlan Inc. v. Reagan*, 220 Cal. App. 2d 116, 119 (1963) (inability to perform "may relieve defendant from being ordered to do so under the cause of action for specific performance, [but] it does not relieve the defendant of the consequences of his failure to perform"); *see also Prusky v. Reliastar Life Ins. Co.*, 445 F.3d 695, 700-01 (3d Cir. 2006) ("Under Pennsylvania law, a party's obligations may be discharged by a 'supervening impracticability' 'where after the contract is made, a party's performance is made impracticable without his fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made").

In response, Siemens Medical does not raise the fact that the FACC is entirely devoid of any allegations regarding the Sole Remedy Provision, and why it should not apply here. Rather, Siemens Medical responds with a factual argument.  Siemens Medical argues that the Cross-Complainants cannot claim that the Equipment was removed through no fault of their own because they stipulated to its removal.

The Court cannot conclude at this stage of the proceedings that the fact that Cross-Complainants stipulated to the Equipment's removal is definitive proof that they are "at fault" within the meaning of the caselaw.  If, for example, the Cross-Complainants simply declined to hold onto equipment that could not be repaired, then removal may not be their fault.  It would appear, rather, to be the fault of Siemens Medical's negligent repair service.  Cross-Complainants cannot be blamed for not wanting additional weeks of ineffective service on fatally deficient equipment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

Indeed, sole remedy provisions are not enforceable under the Pennsylvania Commercial Code "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose[.]."  13 Pa. C.S.A. § 2719(b).  A limitation of remedy provision fails of its essential purpose when it deprives either party of the "substantial value of its bargain.*"* Comments to 13 P.C.S.A. § 2719(b).  This typically occurs "when the exclusive remedy involves replacement or repair of defective parts, and the seller because of his negligence in repair or because the goods are beyond repair, is unable to put the goods in warranted condition." *New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp.*, 387 Pa. Super. 537, 557 (1989) (quoting James J. White & Robert S. Summers, Uniform Commercial Code § 12-10 (2d. ed.1980)).  Because Cross-Complainants may raise plausible exceptions to the Sole Remedy Provision, the Court will not dismiss the FACC for lack of remedy.

The Court DENIES the Motion to Dismiss on the grounds that the Sole Remedy Provision bars the action.  The Court need not address Cross-Complainants' additional argument that the Sole Remedy Provision is unconscionable.

     3.2     Insufficient Allegations

As already stated, to be properly pled, the FACC must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Here, Siemens Medical argues that the FACC fails to meet the *Iqbal* and *Twombly* standard because it does not allege sufficient facts to establish that the Uptime Guarantee was not breached.  Specifically, Siemens Medical argues that the FACC should allege facts such as the actual percentage of Uptime Performance, whether the Equipment could be utilized to treat or diagnose patients, and whether Cross-Complainants refused service when Siemens Medical was prepared to perform such service under the Service Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

This argument is overbroad in two respects.  First, some of the factual matter that Siemens Medical claims is missing from the FACC is actually included.  For example, the FACC does allege that the defect rendered the Equipment unusable because of the risk that patients would fall off of the machine.  (FACC ¶ 16.)  This is sufficient to establish that the Equipment could not be used for treating or diagnosing patients.  Second, it argues for an unnecessary level of detail.  For example, the Cross-Complainants do not need to allege the specific percentage of Downtime in the FACC.

Setting aside those deficiencies, the Court ultimately agrees with Siemens Medical that the FACC does not sufficiently allege the nature of the purported breach.

Most notably, the FACC fails to allege Downtime in a manner consistent with the Service Agreement attached to the FACC.  The FACC alleges that the Equipment was "down" and could not be used unless and until a quality control diagnostic could be successfully performed.  (FACC ¶ 40.)  This does not square with the Service Agreement, which states that Downtime did not begin until Siemens Medical was notified that the Equipment was not operational.  (Service Agreement, at 7.)  Under the Service Agreement, it was possible for the Equipment to be non-functional for long periods of time, but not be "down" if Siemens Medical was not alerted to the problem.  Plaintiffs must clarify their allegations to conform with the provisions of the Service Agreement to ensure that they have actually alleged a breach.

Another notable issue with the FACC is its failure to clarify exactly why Cross-Complainants claim that Siemens Medical failed to repair the Equipment.  The relevant part of the FACC states that "the PET-CT failed to meet the terms of the express UPTIME warranty significant downtime [*sic*] related to the defects in the PET-CT resulted, even after numerous and repeated service calls."  (FACC ¶ 41.)  As an initial matter, this sentence does not make sense.  The second half of this sentence *appears* to allege that Downtime resulted after numerous and repeated service calls.  But this is not enough to pinpoint the reason for the continued Downtime.  It is possible that the continued Downtime resulted because Siemens Medical was alerted, but refused to fix the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

problem.  It is also possible that Siemens Medical attempted to fix the problem, but was unsuccessful.  Finally, it is possible that Siemens Medical was able to fix the problem, but only after significant time elapsed.  As the FACC currently stands, there are insufficient facts for the Court, or Cross-Defendants, to understand the nature of the alleged breach.

The Court GRANTS the Motion to Dismiss for failure to allege sufficient facts.

> 3.3     Lack of Standing

In the FACC, Cross-Complainants admitted that only SHS entered into the Service Agreement with Siemens Medical.  (FACC ¶¶ 30, 39.)  Siemens Medical argues that Shahrokni, University, and Diagnostics are not parties to that Service Agreement, and thus lack standing to bring the FACC against it.  Cross-Complainants did not oppose this argument.  The Court may treat Cross-Complainants' failure to oppose this argument as a consent to the granting of the Motion to Dismiss on these grounds.  *See* Local Rule 7-12.

The Court GRANTS the Motion to Dismiss against all claims brought by Shahrokni, University, and Diagnostics.

> 3.4     Conclusion

The Court GRANTS the Motion to Dismiss against all claims brought by Shahrokni, University, and Diagnostics.  The Court GRANTS the Motion to Dismiss against all claims for insufficient pleading.

**4.     MOTION TO STRIKE**

Siemens Medical also filed a Motion to Strike seeking to strike the FACC's jury trial demand based on a waiver ("Waiver") in the Service Agreement.  The parties dispute whether federal or state law applies to this issue.  The Court addresses the choice of law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | | Date | August 31, 2012 |
|---|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | | |

issue before analyzing whether to uphold the Waiver.

4.1    Choice of Law Provision

"Generally, the right to a jury trial in federal court is governed by federal law." *Simler v. Conner*, 372 U.S. 221, 221–22 (1963); *see also Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007) ("[t]he right to a jury trial in federal court is governed by federal law and, under federal law, parties may contractually waive their right to a jury trial"); *Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482, 488-89 (C.D. Cal. 1991) (holding that jury waiver provisions had been negotiated by parties and were essential aspect of parties' bargain).

Cross-Complainants cite one unpublished and largely uncited case for the proposition that state law should apply when the parties' agreement has a state choice of law provision. *Financial Technology Partners L.P. v. FNX Ltd.*, 2009 WL 464762, at *1 (N.D. Cal. 2009) (applying California state law because the parties' agreement had a California state law provision). While this issue has not been directly addressed by the Ninth Circuit, three out of the four Circuit Courts that considered the issue as of 2009 applied federal law to jury waivers despite state choice of law provisions. *See AEL Fin. LLC v. Tri–City Auto Salvage, Inc.*, 2009 WL 3011211, at *3 (N.D. Ill. Aug. 31, 2009) (noting that the Seventh Circuit had split from the Second, Fourth, Sixth Circuits in following state law where there was a choice of law provision). *Financial Technology Partners* thus appears to be in the minority.

Cross-Complainants' state law argument is also flawed because they insist that *California* law should apply. If any state law applied, it would be *Pennsylvania* law, which governs the other terms of the Service Agreement. Cross-Complainants provide no authority for interpreting jury trial waivers under Pennsylvania law. This is a critical omission, as the analysis in *Financial Technology Partners* hinged on the fact that California law was more protective of the right to a jury than federal law. *Id.* at *2 (finding that "applying California law here, which is more protective of the right to a jury trial, would promote

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

the [federal] policy underlying the rule regarding jury waivers).  The one court that has considered *Financial Technology Partners* refused to extend its analysis to a New Jersey choice of law provision because there was "no indication that New Jersey law . . .  is more protective of the right to a jury than federal law."  *Century 21 Real Estate LLC v. All Professional Realty, Inc.*, 2012 WL 2682761, at *10 (E.D. Cal. July 3, 2012).  Similarly, this Court refuses to extend *Financial Technology Partners* to a Pennsylvania choice of law provision when there is no showing that it would be more protective of the right to a jury than federal law.  The Court will apply federal law to the jury waiver provision.

   4.2    Validity of Waiver

The Waiver states, in all capital letters:

> TO THE EXTENT NOT PROHIBITED BY LAW, THE PARTIES
> WAIVE ALL RIGHTS TO A JURY TRIAL IN ANY LITIGATION
> ARISING FROM OR RELATED IN ANY WAY TO THIS AGREEMENT
> OR THE TRANSACTION CONTEMPLATED HEREBY.

(FACC, Ex. 1, § 12.)

To be valid under federal law, a waiver of a jury trial must be "knowingly and voluntarily executed."  *Okura & Co.*, 783 F. Supp. at 488.  To determine whether the waiver was knowing and voluntary, courts consider the following factors: (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party has an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous. *See, e.g., Century 21 Real Estate LLC v. All Professional Realty, Inc.*, 2012 WL 2682761, at *10; *see also* Hydramar v. General Dynamics Corp., 1989 WL 159267, at *2 (E.D. Pa. Dec. 29, 1989).  Federal courts have applied these factors to uphold pre-dispute jury trial waivers in contracts.  *See Century 21 Real Estate LLC*, 2012

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

WL 2682761, at *10*; see also Idearc Media LLC v. Siegel, Kelleher & Kahn LLP*, 2012 WL 162563, at * 7 (W.D.N.Y. 2012); *Today's Man, Inc. v. Nationsbank, N.A.*, 2000 WL 822500, at *3 (E.D. Pa. June 22, 2000) (granting a motion to strike a jury demand based on a jury waiver provision stating that "[the borrower] irrevocably waives, to the fullest extent permitted by applicable law, any and all right to trial by jury").

Siemens Medical provides the Court with ample reason to enforce the Waiver.  It argues that the first two factors of the analysis weigh in favor of enforcing the jury waiver because Cross-Complainants are a doctor and several corporations who run nuclear medicine facilities.  (*See* FACC at ¶13, 3:27-4:3.)  Their sophistication undermines the idea that there was any disparity in bargaining power that would cast doubt on the validity of the waiver.  Siemens Medical further argues that the third factor favors enforcement of the jury waiver because the Cross-Complainants had the opportunity to negotiate the terms of the Service Agreement. (See FACC, Ex. 1, at 8, ¶ 27 (describing process for proposing changes to the terms and conditions of the Service Agreement).  Finally, Siemens Medical argues that the final factor also supports enforcement because the jury waiver, written in all capital letters, is conspicuous. (See FACC, Ex. 1, at 6, ¶ 12.)

Cross-Complainants, for their part, make no attempt to argue that the Waiver is not enforceable under federal law.  The Court agrees with Siemens Medical that all four factors favor enforcing the Waiver.

The Court GRANTS Siemen Medical's Motion to Strike.

**DISPOSITION**

The Court GRANTS Siemen Medical's Motion to Dismiss.  This is the first Motion to Dismiss the FACC brought by this Cross-Defendant.  The Court will allow Cross-Complainants to amend the FACC, bearing in mind the findings of this Order. *Telesaurus*, 623 F.3d at 998. Any amended cross-complaint must be filed within 14 days

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0387 AG (ANx) | Date | August 31, 2012 |
|----------|------------------------|------|------------------|
| Title | SIEMENS FINANCIAL SERVICES INC. v. SEYED H. SHAHROKNI, M.D., INC. et al. | | |

of this Order becoming final. If no amendment is timely filed, dismissal will become automatic.

The Court GRANTS Siemen Medical's Motion to Strike the jury claim.


: ___0___

Initials of
Preparer               lmb